## 10598.

### BOYLESTON v. SEABOARD AIR LINE RY. CO. *ET AL.*

#### (106 S. E. 777)

1. APPEAL AND ERROR—EXCEPTIONS SHOULD NOT CONTAIN TWO QUESTIONS.—An exception should not contain two questions.

2. APPEAL AND ERROR.—VERDICT SUPPORTED BY EVIDENCE NOT DISTURBED. —A verdict of a jury finding that an easement had been lost by nonuser which is supported by evidence will not be disturbed.

3. RAILROADS.—EASEMENT LOST WILL NOT BE PROTECTED BY INJUNCTION. —Where a railroad company by nonuser had lost its easement of right of way, it has no rights to be protected and enforced by the equitable remedy of injunction.

Before RICE, J., Orangeburg, October term, 1919.    Affirmed.

Action by W C. Boyleston against Seaboard Air Line Railway Co. and Joseph W. Cooper, its section foreman, for trespass in laying a side track.    After verdict of a jury on issues submitted and   decree thereon,   the defendants appeal.

*Messrs. Moss & Lide, and Lyles & Lyles,* for appellants, cite: *No abandonment by Railway of its right of way*: 109 S. C. 444; 80 Va. 211; 17 S. E. 868 and 39 S. E. 701, and 90 Va. 211.

In reply: *Case docketed on Cal.* 1 *under Sec.* 310, Code Proc. *No issues framed under Sec.* 312, *Ibid, but was special verdict under Sec.* 321, *Ibid; and without binding effect of verdict on issues submitted under Sec.* 312, 76 S. C. 509. *Cases cited by respondent* (82 S. C. 199; 106 S. C. 328) *came under Constitution and Sec.* 312 *supra.*

*Messrs. T. M. Raysor and W. C. Wolfe,* for respondent, cite: *Law case and jury trial proper unless expressly waived*: Code Proc. Sec. 312. *Whether an easement has been abandoned is a question of fact and intention, triable by jury*: 89 S. C. 391; 61 S. C. 45. *Facts not reviewable by this Court*: Sec. 4, Art. V., Const. 1895. *In equity case findings of fact by jury not reviewable*: 82 S. C. 199; 106 S. C. 328. *Nor in cases where issues referred by consent*: 93 S. C. 357.

April 11, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Levi A. Gleaton owned a tract of land near the present town of North, in Orangeburg county. He conveyed a strip of land to South Bound Railroad 50 feet wide (25 feet on either side of the center of its track) across his land. In addition thereto his deed contained the following:

"And for value received I also grant, bargain, sell and convey to the South Bound Ralroad Company, its successors and assigns, one-half (½) acre of my said lands, that the company may select for a depot, also an additional strip or piece of land 75 feet wide on either side of the above-named right of way, and running the full length of said

right of way, for the purpose of building side tracks and depot yards on the same. If the above-mentioned one-half acre and the additional 75-foot strips are not used for the purposes mentioned, they do not vest in the said railroad company."

This deed was executed in 1891. Through successive conveyances 16 acres of the land of Levi A. Gleaton came to the plaintiff, Boyleston, and the rights of the railroad to the Seaboard Air Line Railway Company. The record shows that the successive owners of this 16-acre tract made improvements thereon, consisting of houses, fences, etc., within the 100 feet from the center of the railroad. The railroad did not locate its station on the Gleaton land, but some distance away, how far away is not clear. About 1902 the employees of the railroad undertook to put up some telegraph poles on this land, but on complaint of the then owner of the railroad authorities the poles were removed. In February, 1918, the defendant constructed a spur track on this land then owned by plaintiff, who has since sold the land to another. This action was brought for damages for trespass and to enjoin the further use of the land. The defendant undertook to justify the taking of the land under its deed from Gleaton. The plaintiff claimed that the deed never authorized the taking, but, if it had done so, the defendant had abandoned its right, or had lost it by the adverse possession of Dr. McElveen, one of the intermediate holders.

When the case was called for trial, on motion of the defendant and over the protest of the plaintiff, the trial Judge submitted to the jury questions to be answered by them. One set of questions was as to the ownership of the land at the time the action was commenced, and the other as to the amount of damages, if any. The jury found no damages. In order to avoid any uncertainty, his Honor submitted to the jury, without objection, another question, to-wit:

"Has the railroad company, by abandonment or by adverse possession, lost its right of easement to use the 75-foot strip for side tracks or for railroad purposes?"

To this question the jury answered "Yes." The defendant moved, notwithstanding this finding, for an injunction restraining the plaintiff from interfering with the construction and operation of tracks on the land. His Honor refused the motion and in the order confirmed the findings of fact by the jury. From that order the defendant appealed, with one exception, to-wit:

"Because his Honor, the presiding Judge, having charged the jury as follows, to-wit: You have heard all the facts in the case, and it is for you to say from all the facts and circumstances whether or not the railroad did abandon their easement. I want to say this to you, I want to keep the case as straight as I can before you, it is on the plaintiff in the case to show his right. The deed does convey the easement to the railroad company, and when the plaintiff comes in and claims against this easement, it is incumbent on him to prove, to show, that the railroad company had lost its easement by adverse possession or abandonment. Dr. Boyleston has admitted that he does not longer own the land. So far as the possession is concerned he is out of court. He admits that he has sold it and has conveyed it to other people. That being so, the question you will decide is the question of damage. In order for you to determine that you have to determine whether at the beginning of this action he was in possession of the property. In order to make it as plain as I can I have submitted some inquiries for you to pass on. I had better first take up the requests of the defendant—and having submitted to the jury the questions whether the plaintiff was damaged by extending the spur track over the lands in question, and the jury having found in response thereto that the plaintiff had suffered no such damage, but in response to the third query

submitted, 'Was the plaintiff entitled to recover against the railroad company the land in dispute at the time of the commencement of this action?' and the jury having found in response thereto 'Yes,' the case became entirely one on the equity side of the Court upon the affirmative demand in the defendant's answer for a permanent injunction against the plaintiff and those claiming under him, restraining him and them from interferance with the defendant railway company and those claiming under it in the use and occupation of the spur-track in question, or from building other spur-tracks upon the land in question within 100 feet from the center of its main line, and his Honor should have held that the verdict of the jury was a mere expression of opinion as to what were the rights of the parties at the time of the bringing of the action, and should have held that there was no evidence to show that the railroad company had lost by abandonment or by the statute of limitations the right conferred upon it by the Gleaton deed to build the spur track in question when it should have become necessary or convenient for it do so, for the purposes specified in the Gleaton deed, and should have decreed a permanent injunction for the said railway company."

It is very manifest that this exception, in violation of the rule, contains two questions, to-wit: Was there any evidence of abandonment? and should the injunction have been granted, notwithstanding the verdict? The Court will not enforce the rule in this case and consider them ex gratia.

I. The record does not show a motion for nonsuit or a directed verdict, but, even if they had been made, they could not have prevailed, as there was abundant evidence to sustain the finding.

II. When the jury found that the right of the defendant was gone, and that finding was affirmed by the trial Judge, the basis of the equity issue(if there was an equity issue) was out of the case. It needs no au-

thority to show that an injunction must be based on some existing right. The Court cannot, by injunction or otherwise, protect an easement that does not exist.

The judgment appealed from is affirmed

MR. JUSTICE COTHRAN: I concur on the ground that the issues of fact, the foundation of the defendant's claim to equitable relief, having been adversely decided by the jury, and not set aside by the presiding Judge, this Court is without jurisdiction to review such findings. Constitution, Art. 5, § 4; Code, § 11c.